UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GRAY,

        Plaintiff,

                              C.A. No. _____

vs.

                              Hon. _____

METROPOLITAN LIFE INSURANCE
COMPANY and MICHIGAN MANUFACTURERS
ASSOCIATION WELFARE BENEFIT PLAN,

        Defendants.
_____/

Patrick Derkacz (P48988)          David M. Davis (P24006)
Attorney for Plaintiff                Attorney for Defendants
Serafini, Michalowski, Derkacz & Assoc.    401 South Old Woodward Avenue
38600 Van Dyke, Suite 250          Suite 410
Sterling Heights, MI 48312           Birmingham, Michigan 48009
Telephone: (586) 264-3756          Telephone: (248) 645-0800
                                          E-Mail: dmd@hardylewis.com

_____/

NOTICE OF REMOVAL

CERTIFICATE OF SERVICE

                                        David M. Davis (P24006)
                                        Attorney for Defendants
                                        401 South Old Woodward Ave.
                                        Suite 410
                                        Birmingham, Michigan 48009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GRAY,

          Plaintiff,

vs.

C.A. No. _____

Hon. _____

METROPOLITAN LIFE INSURANCE
COMPANY and MICHIGAN MANUFACTURERS
ASSOCIATION WELFARE BENEFIT PLAN,

          Defendants.
_____/

Patrick Derkacz (P48988)
Attorney for Plaintiff
Serafini, Michalowski, Derkacz & Assoc.
38600 Van Dyke, Suite 250
Sterling Heights, MI 48312
Telephone: (586) 264-3756

David M. Davis (P24006)
Attorney for Defendants
401 South Old Woodward Avenue
Suite 410
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com

_____/

## NOTICE OF REMOVAL

To the Judges of the United States District Court for the Eastern District of Michigan Southern Division:

The Notice of Defendants Metropolitan Life Insurance Company ("MetLife") and the Michigan Manufacturers Association Welfare Benefit Plan ("Plan") respectfully show:

    1.    Plaintiff filed her Complaint against MetLife on or about March 10, 2011, in the Circuit Court for the County of Wayne, State of Michigan, contending that Defendant breached provisions of the Plan by underpaying his monthly disability benefits. The action is entitled <u>John Gray, Plaintiff v. Metropolitan Life Insurance Company and Michigan Manufacturers Association Welfare Benefit Plan, Defendants</u>, and is identified as Case Number 11-002875-CK ("State Court Action"). A copy of the Complaint and further attachments and pleadings are attached hereto.

    2.    MetLife received notice of the State Court Action when a copy of the Summons and Complaint were received by its registered agent, CT Corporation, on April 6, 2011. This Notice of Removal is being filed within the thirty (30) day period following service upon MetLife.

3. The Plan received notice of the State Court Action when a copy of the Summons and Complaint were received at its office in Lansing, Michigan on April 5, 2011. This Notice of Removal is being filed within the thirty (30) days period following service upon the Plan.

4. Plaintiff, by his Complaint, contends that his monthly disability benefits were calculated improperly thereby resulting in an underpayment of benefits. The Plan is an employee welfare benefit plan as defined at section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(1).

5. MetLife is responsible for claims administration and determinations under the Plan.

6. This Court has original jurisdiction of the case under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f), which provide that the district courts have original jurisdiction of civil actions brought under ERISA, without respect to the amount in controversy or the citizenship of the parties. See Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987) and Metropolitan Life Insurance Company v. Arthur Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987); Aetna Health, Inc. v. Davila, 542 U.S. 200, 221 (2004).

7. Pursuant to 28 U.S.C. § 1441(b), MetLife may remove any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, without regard to the citizenship or residence of the parties.

8. Plaintiff's claim arises under ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) in that he is seeking to recover benefits under the Plan. Accordingly, this action is removable and this Court has jurisdiction of this case under 28 U.S.C. § 1331.

9. Copies of all process, pleadings, and orders served upon MetLife are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a).

10. Concurrent with the filing of this Notice of Removal, Defendant MetLife is providing notice to all adverse parties and the clerk of the Circuit Court for the County of Wayne pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant MetLife gives notice that the above-described action pending in the Circuit Court for the County of Wayne, is being removed therefrom to this Court.

                                                          Respectfully submitted,

                                                          s/David M. Davis
                                                          David M. Davis (P24006)
                                                          Attorney for Defendants
                                                          Hardy, Lewis & Page, P.C.
                                                          401 S. Old Woodward, #400
                                                          Birmingham, MI 48009-6629
                                                          Telephone: (248) 645-0800
                                                          E-Mail: dmd@hardylewis.com

Dated: May 3, 2011

 **CT Corporation**

**Service of Process Transmittal**
04/06/2011
CT Log Number 518308058

TO: Kaiper Wilson
Met Life
1095 Avenue of the Americas
New York, NY 10036-6796

RE: **Process Served in Michigan**

FOR: Metropolitan Life Insurance Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | John Gray, Pltf. vs. Metropolitan Life Insurance Company and Michigan Manufacturers Association Welfare Benefit Plan, Dfts. |
| DOCUMENT(S) SERVED: | Letter, Summons, Return Form, Complaint |
| COURT/AGENCY: | 3rd Circuit Court, Wayne County, MI<br>Case # 11 002875 CK |
| NATURE OF ACTION: | Action for recomputation for employee benefits as set forth in the plan and recovery of full benefits |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Bingham Farms, MI |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 04/06/2011 postmarked on 04/04/2011 |
| JURISDICTION SERVED: | Michigan |
| APPEARANCE OR ANSWER DUE: | Within 21 days |
| ATTORNEY(S) / SENDER(S): | Patrick Derkacz<br>Serafini, Michalowski, Derkacz & Associates<br>38600 Van Dyke<br>Suite 250<br>Sterling Heights, MI 48312<br>586-264-3756 |
| REMARKS: | Please note: Court required labels were not included in the package received by CT. |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 04/06/2011, Expected Purge Date: 04/11/2011<br>Image SOP<br>Email Notification, CTServiceof Process ctserviceofprocess@metlife.com |
| SIGNED:<br>PER:<br>ADDRESS: | The Corporation Company<br>Stephanie Hendrickson<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025-5720 |
| TELEPHONE: | 248-646-9033 |

Page 1 of 1 / JG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Serafini, Michalowski, Derkacz & Associates P.C.**

PHILLIP S. SERAFINI
JEFFREY J. MICHALOWSKI
PATRICK J. DERKACZ

SUZANNE M. KALKA
KEVIN J. PETERS

April 4, 2011

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Metropolitan Life Insurance Company
Resident Agent: The Corporation Company
30600 Telegraph Rd., #2345
Bingham Farms, MI 48025

      Re: **John Ryan v Metropolitan Life Insurance Company**
           **Case No.: 11-002875-CK**
           **Hon. Daphen Means Curtis**

To Whom It May Concern:

    Please be advised that this firm represents John Ryan and we have filed a lawsuit in the Wayne County Circuit Court. Please find enclosed the Summons and Complaint relative to the above referenced case matter. You have 28 days to file an Answer to this Complaint.

    Should you have any questions or concerns, please contact this office.

                      Very truly yours,

        SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, P.C.

                    Valerie A. McEachin
                    Legal Assistant to
                    Patrick J. Derkacz, Esq.

/vam
Enclosure(s)

| STATE OF MICHIGAN THIRD CIRCUIT COURT  | SUMMONS AND RETURN OF SERVICE | CASE NO. 11-002875-CK |
|---|---|---|
| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | | COURT TELEPHONE NO. (313) 224- |

| THIS CASE ASSIGNED TO JUDGE: | Daphne Means Curtis | Bar Number: 26255 |
|---|---|---|

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| GRAY, JOHN | VS | METROPOLITAN LIFE INSURANCE COMPANY |

PLAINTIFF'S ATTORNEY

Derkacz, Patrick J.
(P-48988)
38600 Van Dyke Ave Ste 250
Sterling Heights, MI 48312-1172
(586) 264-3756

| CASE FILING FEE | | JURY FEE | |
|---|---|---|---|
| Paid | | No Jury Demand | |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK | |
| 03/10/2011 | 06/09/2011 | Latonya Smith | |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date 3/17/11    Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)  MC 01 (10/97)  **SUMMONS AND RETURN OF SERVICE**  MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT

**For best results use a felt pen**

## RETURN OF SERVICE

Case No.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

_____

I have made the following efforts in attempting to serve the defendant(s): _____

☐ I have personally attempted to serve the summons and complaint, together with _____ Attachment

on _____ Name

at _____ and have been unable to complete service because
Address

the address was incorrect at the time of filing.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date  Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

on _____
Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

John Gray

    Plaintiff,

vs.

Case No. 11-
Judge

Metropolitan Life Insurance Company and
Michigan Manufacturers Association
Welfare Benefit Plan,

    Defendants.

_____/

Serafini, Michalowski, Derkacz & Associates
PATRICK DERKACZ (P48988)
Attorney for Plaintiff
38600 Van Dyke, Suite 250
Sterling Heights, MI 48312
(586) 264-3756

_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, John Gray, by and through his attorneys, Serafini, Michalowski, Derkacz & Associates, and for his Complaint against Defendant, Defendants, states to the Court as follows:

1. This is a civil complaint brought under ERISA Section 502, 29 USC 1132 regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendants to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendants' failure to do so.

2. Plaintiff, John Gray is a resident of the City of Southgate, State of Michigan who was a participant in Michigan Manufacturers Association Welfare Benefit Plan at all times relevant hereto.

3. Defendant, Metropolitan Life Insurance Company, (hereinafter "MetLife") is domiciled in the State of New York and conducts business in Wayne County, Michigan. MetLife is a fiduciary and administrator within the meaning of ERISA sec. 3(7), 402(a)(2), 29 USC 1002 (7), 1102(a)(2), with respect to the Plan.

4. Defendant Michigan Manufacturers Association Welfare Benefit Plan (the "Plan") is an employee benefit plan governed by ERISA providing certain benefits including Long Term Disability coverage.

5. Defendant, MetLife issued a group disability policy ("Plan") to the Mcihgian Manufacturer's Association as an insured welfare benefit plan allegedly governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC 1001 et. seq.

6. Defendant, Metlife reviewed this claim with a conflict of interest as it was obligated to both review the claim and pay benefits if the claims was approved.

7. Plaintiff, John gray is a participant and eligible employee within the meaning of the aforementioned MetLife disability policy within the meaning of ERISA.

8. Plaintiff, John Gray, became disabled and was paid disability benefits under the plan.

9. MctLife approved Mr. Gray's claim for benefits and commenced paying monthly disability benefits in the amount of $2,022.80. It appears that MetLife calculated Mr. Gray's monthly disability amount as follows:

Multiplying his hourly rate of pay ($19.45) by 40 hours =$778.00
Multiplied by 52 weeks =$40,456.00

| | |
|---|---|
| Divided by 12 months | =$3,371.33 |
| Multiplied by 60% | =$2,022.80 |

10. The plan provides: "Basic Monthly Earnings" means your monthly rate of pay from the Employer, excluding overtime and other extra pay. Basic Monthly Earnings in effect as of the date of Disability will be used to compute your Monthly Benefit. Basic Monthly Earnings for you if you are a salesman includes commissions which shall be averaged for the twelve months preceding the date Disability started, or from the date of employment if less than twelve months.

11. However, Mr. Gray was actually compensated for 54 hours of work per week at his base pay.

12. Mr. Gray appealed MetLife's calculation of benefits providing documentation establishing the actual number of hours of pay Mr. Gray was to receive for the route he obtained as a result of the bid process. Specifically, Mr. Gray obtained Bid #1 which provides "Est 54 hours." Further, an examination of the hours Mr. Gray Actually worked demonstrates that he was consistently paid for 54 hours of work per week.

13. The plan documents do NOT define "Basic Monthly Earnings" as merely the hourly wage rate multiplied by 40 hours. Rather, the plan documents simply exclude "overtime and other pay."

14. Mr. Gray was never paid "overtime." An examination of Mr. Gray's paycheck(s) demonstrates that all of his time was paid as "Reg Hrs" as opposed to OT hours. Accordingly, it is clear that Mr. Gray was paid for 54 hours per week as part of his regular pay.

15. Therefore, it appears that MetLife has underestimated Mr. Gray's "Basic Monthly Earnings" by 14 hours per week.

16. Mr. Gray's monthly hours should be calculated as follows:

| | |
|---|---|
| 54 hours per week x 52 weeks | =2,808 hours per year |
| divided by 12 months | =234 hours per months |

17. Metlife also incorrectly determined the rate at which Mr. Gray was compensated.

18. Mr. Gray's monthly rate of pay from his employer included both his hourly wages (typically 54 hours per week at $19.45 per hour) and Health and Welfare pay (40 hours per week at $4.20 per hour). Mr. Gray also received a pension contribution of $1.20 for each hour of work for the first 40 hours each week.

19. The Long Term Disability benefit should be calculated as follows:

| | |
|---|---|
| Hourly wage rate | $19.45 |
| Health and Welfare rate | $4.20 |
| Pension contribution | $1.20 |
| | $24.85 per hour |
| | x 40 hours=$994.00 |
| plus 14 hours at $19.45 per hour | $272.30 |
| | $1,266.30 Basic Weekly Earnings |

20. Accordingly, Mr. Gray's "Basic Monthly Earnings" should be calculated as follows:

$1266.30
x 52 weeks
$65,847.60
÷12 months
$5,487.30
x 60 % (benefit percentage)
$3,292.38 Monthly LTD benefit

21. Therefore, it appears that MetLife has been underpaying Mr. Gray's benefits by $1,269.58 per month.

22. Metlife's decision to limit its benefit calculation to 40 hours per week and to exclude the Health and Welfare and Pension contribution pay is not supported by any plan language. At the very least there is significant ambiguity as to the applicable language.

23. Mr. Gray submitted an administrative appeal of Metlife's benefit calculation on September 14, 2010.

24. MetLife acknowledged receipt of the appeal via letter dated September 24, 2010.

25. More than 150 days has expired and MetLife has made no decision on Mr. Gray's Appeal.

26. Accordingly, Mr. Gray's appeal may be deemed denied.

27. Defendant's decision to deny this claim is without support. The only reasonable explanation for Defendant's denial of this claim is bias, self-dealing and/or a complete absence of due process.

28. The amount in controversy is in excess of $25,000, excluding costs, interest and attorney fees and this action is otherwise within the jurisdiction of this court.

## COUNT I

### ACTION UNDER ERISA sec. 502(A)(1)(B), 29 USC 1132(a)(1)(B) TO RECOVER FULL BENEFITS

29. Plaintiff incorporates herein by reference Paragraphs 1-28 as if fully set forth herein.

30. Defendants improper benefit calculation as described above constitutes a breach of said policy and is a direct violation of the terms of the Plan and the Employee Retirement Income Security Act of 1974, 29 USC 1001 et seq.

31. Defendants actions in improperly calculating Plaintiff's employee benefits but not complying with the requirements of 29 C.F.R. sec. 2560.503-1(f-i) is in violation of Plaintiff's procedural due process rights under ERISA and each and every one of its fiduciary duties set forth above.

32. Defendant's violation of ERISA by failing to comply with the procedural requirements of section 1133 denied a full and fair review.

33. Plaintiff is entitled to discovery and a de novo review of this claim by the Court as Defendants are not entitled to the protections concerning administrative review or the administrative record.

34. Further, MetLife's conflict of interest materially affected its claim handling.

**WHEREFORE**, Plaintiff, John Gray, requests the following relief from this Honorable Court:

- A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B) and 28 USC 2201, declaring Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan(s) in effect at the time benefits became payable and that MetLife has violated the Plan(s) and its fiduciary duties by failing to pay these benefits.

- B. A full and accurate accounting by Defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

- C. An order compelling defendant to pay Plaintiff the full amount due him and to continue such payments for the period set forth in the plan, including interest and unpaid benefits.

- D. Reasonable interest, attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1).

- E. Such other relief as may be deemed just and appropriate.

By: _____
Serafini, Michalowski, Derkacz & Associates
PATRICK DERKACZ (P48988)
Attorney for Plaintiff
38600 Van Dyke, Suite 250
Sterling Heights, MI 48312
(586) 264-3756

DATED: March 1, 2011



CERTIFIED MAIL

7009 2250 0000 9812 1219

RETURN RECEIPT REQUESTED

Metropolitan Life Insurance Company
Resident Agent: The Corporation Company
30600 Telegraph Rd., #2345
Bingham Farms, MI 48025

Serafini, Michalowski, Derkacz & Associates P.C.
44444 Mound Road, Suite 100
Sterling Heights, MI 48314

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Patrick Derkacz, Attorney for Plaintiff, Serafini, Michalowski, Derkacz & Assoc., 38600 Van Dyke, Suite 250, Sterling Heights. In addition I certify that I have sent the foregoing paper by first-class mail, postage pre-paid to Patrick Derkacz.

Respectfully submitted,

s/David M. Davis
David M. Davis (P24006)
Attorney for Defendant MetLife
Hardy, Lewis & Page, P.C.
401 S. Woodward Ave.
Suite 410
Birmingham, Michigan 48009
Telephone: (248) 645-0800
Email: dmd@hardylewis.com

Dated: May 3, 2011
00231730.WPD

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOHN GRAY,

            Plaintiff,

vs.

            C.A. No. 11-002875-CK

            Hon. Daphne Means Curtis

METROPOLITAN LIFE INSURANCE
COMPANY and MICHIGAN MANUFACTURERS
ASSOCIATION WELFARE BENEFIT PLAN,

            Defendants.
_____/

Patrick Derkacz (P48988)
Attorney for Plaintiff
Serafini, Michalowski, Derkacz & Assoc.
38600 Van Dyke, Suite 250
Sterling Heights, MI 48312
Telephone: (586) 264-3756

David M. Davis (P24006)
Attorney for Defendants
401 South Old Woodward Avenue
Suite 410
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com

_____/

NOTICE OF FILING REMOVAL
TO THE FEDERAL DISTRICT COURT

PROOF OF SERVICE

                                              David M. Davis (P24006)
                                              Hardy, Lewis & Page, P.C.
                                              Attorney for Defendants
                                              401 South Woodward Ave. Ste. 410
                                              Birmingham, Michigan 48009

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JOHN GRAY,

          Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE
COMPANY and MICHIGAN MANUFACTURERS
ASSOCIATION WELFARE BENEFIT PLAN,

          Defendants.
_____/

C.A. No. 11-002875-CK

Hon. Daphne Means Curtis

Patrick Derkacz (P48988)
Attorney for Plaintiff
Serafini, Michalowski, Derkacz & Assoc.
38600 Van Dyke, Suite 250
Sterling Heights, MI 48312
Telephone: (586) 264-3756

David M. Davis (P24006)
Attorney for Defendants
401 South Old Woodward Avenue
Suite 410
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com
_____/

## NOTICE OF FILING REMOVAL
## TO THE FEDERAL DISTRICT COURT

To:    Honorable Daphne Means Curtis
       Judge in the Circuit Court for the County of Wayne

PLEASE TAKE NOTICE that Defendants Metropolitan Life Insurance Company and the Michigan Manufacturers Association Welfare Benefit Plan on May 3, 2011, filed their Notice of Removal, copies of which are attached hereto, in the Office of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division, at Detroit, Michigan. Attached hereto are copies of the various papers filed in connection with such removal.

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: May 3, 20 11
By:  ☒ U.S. Mail    ☐ Fax
      ☐ Hand Delivered  ☐ Overnight Courier
      ☐ Federal Express  ☐ Other
Signature _____
Dated: May 3, 2011

David M. Davis (P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Ave. Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

00231730.WPD