UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GRAY,

        Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY and MICHIGAN
MANUFACTURERS ASSOCIATION
WELFARE BENEFIT PLAN,

        Defendants.

                                             /

Case No. 11-11951

Honorable John Corbett O'Meara

**MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO FILE REPLY BRIEFS,
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL AND
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO AFFIRM ADMINISTRATOR**

This matter came before the court on the October 10, 2011 Motion to Affirm the Administrator's Determination or, in the Alternative, for Summary Judgment filed by defendants Metropolitan Life Insurance Company and Michigan Manufacturers Association Welfare Benefit Plan (collectively "defendant MetLife") and plaintiff John Gray's October 10, 2011 Motion to Compel Defendant to Properly Calculate Long-Term Disability Benefits. The parties filed response briefs and agreed not to file reply briefs. However, both parties later filed motions to file reply briefs. Oral argument was heard January 19, 2012. The court will grant the parties' motions to file reply briefs. For the reasons set forth below, the court will grant in part and deny in part Plaintiff's and Defendant's motions.

**BACKGROUND FACTS**

Plaintiff John Gray worked as a truck driver for George E. Campbell and Sons, a contractor for the United States Postal Service. Gray participated in the Michigan Manufacturers Association ("MMA") Welfare Benefit Plan, the provisions of which are governed by ERISA. The parties agree that plaintiff Gray is entitled to disability benefits; they disagree as to the amount.

The MMA group, long-term disability ("LTD") plan ("the Plan") was insured by Metlife. The plan provides that MetLife will pay monthly, long-term disability equal to 60% of the insured's Basic Monthly Earnings ("BME"). The Plan defines BME as follows:

> 'Basic Monthly Earnings' means your monthly rate of pay from the Employer, excluding overtime and other extra pay. Basic Monthly Earnings in effect as of the date of Disability will be used to compute our Monthly Benefit . . . .

Administrative Record ("AR") at 37.

When MetLife initially approved Plaintiff's claim for LTD benefits, it multiplied his $19.50 hourly wage by 40 hours per week. Plaintiff filed a timely appeal of MetLife's calculation, arguing that he worked 54 hours per week and received health and welfare pay ("H&W") for the first 40 hours, as well as contributions to his pension fund for each hour of work for the first 40 hours per week. Although MetLife was required to notify Plaintiff of the outcome of the appeal within 45 days, MetLife failed to do so. After almost six months, Plaintiff field this complaint against MetLife. Three weeks later, MetLife informed Plaintiff that it agree that it had miscalculated Gray's monthly LTD amount and agreed that his payment should be based on 54 hours per week rather than 40. However, MetLife upheld its original decision to exclude H&W pay and his pension contributions from the calculation.

Plaintiff filed this complaint, asserting that MetLife continues to miscalculate his BME by excluding the H&W and pension contributions. MetLife filed a counterclaim, asserting that Plaintiff has been over compensated because his has received off-setting Social Security disability payments. Plaintiff concedes that he has received the Social Security payments; however, he contends that because the amount paid him by MetLife is incorrect, neither he nor MetLife can determine the amount of overpayment until after a ruling on the parties' instant motions.

## LAW AND ANALYSIS

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (19890, the United States Supreme Court held that ERISA benefits denials are reviewed *de novo* unless the plan adequately grants discretionary authority to the entity making the benefits decision, in which case a denial of benefits is reviewed under the "arbitrary and capricious" standard. See Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996). The burden of proving that the latter, deferential standard of review applies is on defendant MetLife in this case.

MetLife argues that as the claims administrator it had authority to construe and interpret Plan provisions and make benefits eligibility determinations under the Plan, thereby invoking the arbitrary and capricious standard of review. However, in this case, it is clear that MetLife failed to issue the denial of benefits to plaintiff Gray in a timely fashion. Other courts that have considered a plan administrator's failure to issue a decision within the statutory time period have held that the more deferential standard of review is forfeited when no timely decision was made, as there was no discretion exercised. See, Neal v. Christopher & Banks Med. Plan, 651 F. Supp. 2d 890 (E.D. Wis. 2009); LaAsmar v. Phelps Dodge Corp., 605 F.3d 789 (10th Cir. 2010); McDowell v. Standard Ins.

3

Co., 555 F. Supp. 2d 1361 (N.D. Ga. 2008); Rasenack v. AIG Life Ins. Co., 585 F.3d 1311 (10th Cir. 2009). Therefore, the court will review this record *de novo*.[1]

The Plan's definition of "BME" is less than perfect. It simply excludes "overtime and other extra pay." However, "other extra pay," is not defined. In this case Plaintiff's H&W payments were made directly to him to be used for his health and welfare, such as medical expenses. However, there appears to be no requirement that the payments be used solely for that purpose or otherwise forfeited. The collective bargaining agreement ("CBA") in effect during the relevant period, and included in the administrative record, indicates that "effective July 1, 2008 all drivers will receive an hourly rate of $4.20, up to 40 hours per week . . . ." AR at 224-25. Likewise, the CBA provides, "Effective July 1, 2008 all drivers will receive an hourly rate of $1.20, up to 40 hours per work week, into the Pension program for eligible employees." Id. at 225.

Again, Plaintiff's H&W payments were made directly to him. There is no evidence that those payments were required to be used only for medical expenses. They were reflected in each of his pay stubs, and the amount was determined by his CBA. Under those circumstances, the court finds that his H&W earnings were part of his BME. If the defendant had intended them to be excluded from the BME calculation, it, as drafter of the language of the Plan, could have drafted it that way.

The pension payments, however, despite also being set by the CBA and reflected in Plaintiff's pay stubs, were not paid directly to Plaintiff; instead, they were paid to his pension fund. The court distinguishes these payments because they were paid to another entity and also because there was

---

[1] Even if this court were using the more deferential standard of review, however, its ruling would be the same. MetLife's decision not to include the H & W payments in calculating plaintiff Gray's BME would be deemed arbitrary and capricious.

no guarantee that Plaintiff would collect those payments in the future--despite an expectation that he would receive pension benefits.

**ORDER**

It is hereby **ORDERED** that Defendant's November 8, 2011 and Plaintiff's November 10, 2011 motions to file reply briefs are **GRANTED.**

It is further **ORDERED** that Defendant's October 10, 2011 Motion to Affirm the Administrator's Determination or, in the Alternative, for Summary Judgment is **GRANTED IN PART** regarding the pension contributions and **DENIED IN PART** regarding the H&W payments.

It is further **ORDERED** that Plaintiff's October 10, 2011 Motion to Compel Defendant to Properly Calculate Long-Term Disability Benefits is **GRANTED IN PART** regarding the H&W payments and **DENIED IN PART** regarding the pension payments.

Date:  September 12, 2012               s/John Corbett O'Meara
                                        United States District Judge


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 12, 2012, using the ECF system and/or ordinary mail.

                                        s/Sakne Srour for s/William Barkholz
                                        Case Manager