UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GRAY,

        Plaintiff/Counter-Defendant,

Case No. 11-11951

Honorable John Corbett O'Meara

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

        Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES**

This matter came before the court on plaintiff John Gray's motion for attorney fees. Defendant Metropolitan Life Insurance Company ("MetLife") filed a response, and Plaintiff filed a reply brief. No oral argument was heard.

After the court granted in part plaintiff Gray's Motion to Compel Defendant to Properly Calculate Long Term Disability Benefits, he filed this motion for attorney fees. Plaintiff's counsel seeks an award of $40,320.00 in attorney fees, $164.00 in costs, and prejudgment interest.

**LAW AND ANALYSIS**

Pursuant to 29 U.S.C. § 1132(g)(1), a district court is given broad discretion to allow reasonable attorney's fees and costs in an ERISA action. The United States Supreme Court has held that the court may award fees under the statute if the party requesting the award shows he or she obtained "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2158 (2010). The United States Court of Appeals for the Sixth Circuit applies the following five factors in determining whether to award attorney fees:

> 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect on an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions.

O'Callaghan v. SPX Corp., 442 Fed. Appx. 180, 185-86 (6th Cir. 2011).

In this case the court finds no culpability or bad faith on the part of MetLife. MetLife had previously determined that Plaintiff was eligible to receive long term disability benefits; this dispute involved only the interpretation of the term "other extra pay." There is nothing in the administrative record to support a finding of bad faith. As for the second factor, MetLife concedes that it is able to satisfy an award of attorney's fees. Third, an award of attorney's fees would have some deterrent effect on other persons under similar circumstances as long as the same term is in dispute within the same benefits plan. Fourth, an award of fees in this case would not confer a common benefit on all participants and beneficiaries of an ERISA plan; rather, as stated above, this decision conferred a benefit to one participant of one plan, although others may benefit from it. Plaintiff's case did not seek to resolve significant legal questions regarding ERISA. Finally, both Plaintiff's and Defendant's positions had substantial merit, as the plan was silent as to the definition of the term "other extra pay."

After considering all five factors, the court finds that an award of some attorney's fees is appropriate. Plaintiff Gray's lawsuit was somewhat successful. He was the prevailing party; however, his success was limited, as this court rejected Plaintiff's argument that contributions to the pension and retirement fund should also be included in his calculations. Therefore, the court will grant half of the attorney's fees Plaintiff has requested for a total amount of $20,160.00. Plaintiff

is also entitled to $164.00 in costs. However, there will be no award of pre-judgment interest because Plaintiff was overpaid benefits, not unpaid benefits.

### ORDER

It is hereby **ORDERED** that plaintiff Gray's motion for attorney's fees is **GRANTED IN PART.**

s/John Corbett O'Meara  
United States District Judge

Date:  August 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 7, 2013, using the ECF system.

s/William Barkholz  
Case Manager
